Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties in the Pre-Trial Agreement as:
STIPULATIONS
1. At the time of the alleged injury by accident on or about May 1, 1993, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. At the time of the plaintiff's alleged injury by accident on or about May 1, 1993, the employer/employee relationship existed between the plaintiff and defendant employer.
3. The plaintiff's average weekly wage on May 1, 1993, was $286.00 which yields a compensation rate of $190.67.
4. The issues for determination are as follows:
 (a) Is the plaintiff's hernia a result of an injury by accident/specific traumatic incident on or about May 1, 1993?
 (b) What, if any, disability compensation is the plaintiff entitled to receive?
* * * * * * * *
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was 47 years old and had left school in the 9th grade. Plaintiff started working for defendant in 1987 as a shop attendant. Plaintiff's job duties included servicing taxi cabs and performing general cleaning and maintenance in and around the shop area.
2. On or about May 1, 1993, plaintiff lifted a floor jack at work and immediately felt a burning pain in his right groin area. Later the same day, plaintiff was emptying a 55 gallon metal trash can by lifting it overheard when he again felt a burning pain in his right groin area. Plaintiff had never felt such pain or burning sensation of this nature and intensity before in this area.
3. Plaintiff did not tell anybody of either incident and continued to work the remainder of the day in pain. Plaintiff did not tell his supervisor of his injury until May 8, 1993, when he told Neal Brown that he had a burning in his groin area. Mr. Brown told plaintiff that if he was hurt he needed to go see a doctor.
4. Plaintiff went to the emergency room at Forsyth Memorial Hospital on May 9, 1993. The attending physician diagnosed plaintiff as having a right inguinal hernia.
5. On July 22, 1993, surgery was performed on plaintiff to correct the right inguinal hernia. It was determined shortly after the diagnosis in May, 1993 that plaintiff needed surgery to correct his hernia, but the operation was delayed until a method of payment was determined for the operation.
6. Plaintiff was released to return to light duty work in August 1993. Defendant did not have any light duty work for plaintiff to perform after his release. As a result of his injury resulting in a hernia plaintiff was unable to earn his pre-injury wages from May 9, 1993 through April 1994 when he returned to work with defendant-employer at the same wages.
7. Prior to his May, 1993 injury plaintiff did not have a right inguinal hernia. In the spring of 1993, plaintiff had a physical performed and the examining doctor did not indicate that plaintiff had any problems in his groin area.
8. As a direct result of lifting at work on or about May 1, 1993 plaintiff sustained an injury resulting in a right inguinal hernia. The pain and burning symptoms appeared immediately after plaintiff injured himself while lifting. The hernia appeared suddenly.
9. As a direct result of his injury, plaintiff incurred medical expenses for his necessary treatment.
* * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about May 1, 1993, plaintiff sustained a compensable injury by accident arising out of and in the course of employment resulting in a hernia. The hernia occurred suddenly and immediately as a result of his injury due to lifting.
2. As a direct and proximate result of his injury, plaintiff was temporarily totally disabled from May 9, 1993 through April 1994. Plaintiff is entitled to temporary total disability benefits during said period.
3. Plaintiff is entitled to payment by defendant of such medical treatment as was reasonably necessary to provide relief, effect a cure or lessen the period of disability related to his injury.
4. Plaintiff's average weekly wage of $286.00 yields a weekly compensation rate of $190.67.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $190.67 per week from May 9, 1993 through the date of his return to work earning the same or greater wages in April 1994. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred by plaintiff as a result of his compensable injury when bills for same have been submitted and approved through procedures adopted by the Industrial Commission.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be deduced directly from the compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the 16th day of April, 1997.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: S/ _______________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ LAURA K. MAVRETIC COMMISSIONER
BSB:jmf